JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Logan Brown appeals from his conviction and agreed sentence for trafficking in cocaine. We affirm the judgment of the trial court.
Brown was indicted on two counts of trafficking in cocaine with specifications and on one count of possession of cocaine with a specification. Brown pleaded guilty to one count of trafficking in violation of R.C. 2925.03(A)(1) and agreed with the prosecutor to a sentence of eight years. The remaining counts and specifications were dismissed.
Pursuant to Anders v. California,[1] Brown's appointed counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Brown's appeal, and she has moved this court for permission to withdraw as counsel. Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of the trial court's judgment.[2]
Counsel, as required by Anders, has given Brown an opportunity to provide grounds for this appeal. Brown argues that he did not agree to the eight-year sentence and that he did not enter his plea knowingly or intelligently. He states that he believed that he was eligible to receive a five-year sentence. But the record reveals that the "Guilty Plea/Agreed Sentence" form clearly reflected that Brown understood that he was to receive an eight-year sentence. Further, the trial court's colloquy with Brown made it clear that Brown understood the import of his plea and of the agreed sentence. Accordingly, we conclude that Brown has not demonstrated that his plea was involuntary.
Brown also questions the length of the sentence. But under R.C. 2953.08(D), Brown's sentence is not subject to review because it was "authorized by law, * * * recommended jointly by the defendant and the prosecution in the case, and * * * imposed by a sentencing judge."
After completing our independent review of the record, we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Brown. We, therefore, overrule counsel's motion to withdraw and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, due to Brown's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] Id.